**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JAMES G. FARLEY, et al.,

                Plaintiffs,

v.                                       CIVIL ACTION NO. 2:08-cv-00818

ARGUS ENERGY, LLC.

                Defendant.

**MEMORANDUM OPINION AND ORDER**

      Pending before the court is the defendant's Motion to Dismiss the Loss of Consortium Claim of plaintiff Maria Farley [Docket 2]. Because this court lacks subject matter jurisdiction to rule on the motion, the case is **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

**I.**      **Background and Procedural History**

      On December 17, 2007, plaintiff James Farley brought this action in the Circuit Court of Kanawha County, West Virginia, against his former employer, Argus Energy ("Argus"), and an individual, Adam Adkins, a foreman for the defendant. Mr. Farley seeks to recover for injuries he suffered while employed by Argus that he alleges were caused by the defendants' "deliberate intent." (Compl. ¶ 13-19.) *See* W. Va. Code § 23-4-2. Specifically, Mr. Farley alleges that he "was struck on the head, right arm, and leg by a rock which fell from" the roof of a "mine owned, operated, and maintained by Argus." (Pls.' Resp. Defs.' Mot. Dismiss 1 [Docket 4].) Plaintiff Maria Farley, the wife of Mr. Farley, states a claim for loss of consortium. (Compl. ¶ 24.)

At the time the plaintiffs initially brought their action, there was no basis for federal subject matter jurisdiction.  The parties lacked complete diversity because both the plaintiffs and the defendant Adkins are citizens of West Virginia.  Argus is "foreign corporation, chartered in Kentucky, with its principal place of business in Kentucky."  (Notice Removal ¶¶ 5-7 [Docket 1].)  Thus, the plaintiffs could not have initially brought their action in federal court.

Adkins, the non-diverse defendant, moved to dismiss the plaintiffs' deliberate intent action against him.  On May 7, 2008, Kanawha County Circuit Court Judge Irene C. Berger sent a letter to the parties stating that Adkins' motion was granted.[1]  (*See* Letter of Judge Irene C. Berger, Notice of Removal, Ex. A.)  Judge Berger dismissed the claim against Adkins because she found that "a deliberate intention claim pursuant to [West Virginia Code] Chapter 23, Article 4, Section 2(d)(2)(ii) cannot be legally sustained against an individual employee."  (*Id.*)

On June 6, 2008, Argus, as the lone remaining defendant, filed a Notice of Removal.  Argus states that removal is appropriate under 28 U.S.C. § 1441(a) because "th[e] action could have been filed in [the United States District Court for the Southern District of West Virginia] pursuant to 28 U.S.C. § 1332."  (Notice Removal ¶ 4.)  Relying on the dismissal of Adkins, the non-diverse party, Argus points out that there is now complete diversity.  (*Id.* ¶¶ 5-10.)  The Notice of Removal is timely under 28 U.S.C. § 1446(b), as it was filed within thirty days of the case becoming removable and within one year of the action's commencement.

---

[1] As of the defendant's filing of the Notice of Removal, a court order formally dismissing the claim against Adkins had not been entered.  (Notice of Removal ¶ 3.)  The fact that dismissal has not been finalized is not a concern here, as the voluntary/involuntary dismissal doctrine would mandate a remand even if there were a formal order by Judge Berger.  Judge Berger's intention to dismiss, moreover, is unequivocal, as she stated: "[T]he Court grants the Defendant, Adkins' Motion to Dismiss."  (Letter of Judge Irene C. Berger, Notice of Removal, Ex. A.)

## II.    Discussion

While facially it appears that this court has subject matter jurisdiction over this action under

28 U.S.C. § 1332, the action is not removable due to the voluntary/involuntary dismissal doctrine.

The Fourth Circuit aptly summarized this doctrine in *Higgins v. E.I. DuPont de Nemours & Co.*:

> Diversity must be established at the time of removal.  Even so, a case may nevertheless not be removable depending on whether the non-diverse party is eliminated from the state action by voluntary or involuntary dismissal.  If the plaintiff *voluntarily* dismissed the state action against the non-diverse defendant, creating complete diversity, the state action may be removed because there is no risk that diversity will be destroyed later on.  The voluntary act has demonstrated the plaintiff's desire not to pursue the case against the non-diverse party.  However, this is not the situation if the non-diverse party has been *involuntarily* dismissed by order of the state judge.  The plaintiff may choose to appeal the dismissal.  Although complete diversity may temporarily exist between the parties, suggesting that removal is proper, diversity jurisdiction may ultimately be destroyed if the state appellate court reverses the dismissal of the non-diverse party.  *Therefore, some cases are not removable despite complete diversity between the parties*.

863 F.2d 1162, 1166 (4th Cir. 1988) (emphasis added) (internal citations omitted).  There is an

exception to this doctrine, however.  If the defendant alleges that the plaintiff fraudulently joined

the non-diverse party to the action for purposes of avoiding federal jurisdiction, the

voluntary/involuntary dismissal doctrine does not bar removal.  *Arthur v. E.I. du Pont*, 798 F. Supp.

367, 369 (S.D. W. Va. 1992).

This case falls directly within the scope of the voluntary/involuntary dismissal doctrine.  The

state court dismissed Adkins from the action against the will of the plaintiffs.  Thus, the dismissal

of the lone non-diverse party was involuntary with respect to the plaintiffs.  Notably, the defendant

opted not to base removal on an allegation of fraudulent joinder.  Due to the absence of fraudulent

joinder, the voluntary/involuntary dismissal doctrine applies without exception and bars removal.

Accordingly, the case is **REMANDED** to the Circuit Court of Kanawha County, West Virginia, and the matter is **DISMISSED** and **STRICKEN** from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        July 16, 2008

Joseph R. Goodwin, Chief Judge